JOURNAL ENTRY AND OPINION
Amy Halberg, the mother of Jaime Haffey, appeals a judgment of the juvenile division of the common pleas court which adopted the magistrate's finding and reduced the child support obligation of Dennis Haffey, Jaime's father, to $359.00 per month. Halberg complains on appeal that the court erroneously overruled her objections to the magistrate's decision and did not allow her time to secure a transcript or to file a brief. After a review of the record, we reverse the decision of the trial court, and we remand the matter to allow Halberg the opportunity to submit a brief in support of her objections to the magistrate's decision.
The record here reveals that on January 20, 1998, the Cuyahoga Support Enforcement Agency entered an order requiring Haffey to pay $467.08 per month in child support for Jaime. Haffey objected to this finding, and CSEA referred the matter to juvenile court.
Subsequently, on April 7, 1998, a juvenile court magistrate considered the issue of temporary support and recommended child support payments of $359.00 per month pending trial on the merits. After the trial on July 10, 1998, a magistrate of the juvenile court issued a decision requiring Haffey to pay $359.00 per month as Jaime's child support. On July 22, 1998, Halberg filed objections to the magistrate's decision, a motion for a transcript of the proceedings, and a motion for leave to file a brief. Thereafter, the court adopted the magistrate's decision, ordered payments in the sum of $359.00, and also, on the same day, granted Halberg's motion for a transcript and leave to file a brief in support of her objections to the magistrate's report. She now appeals and raises two assignments of error for our review.
I.
 THE COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO REPORT OF MAGISTRATE WHERE THE COURT SPECIFICALLY GRANTED APPELLANT'S MOTION FOR TRANSCRIPT AND APPELLANT'S MOTION TO FILE BRIEF IN SUPPORT OF OBJECTIONS BUT DID NOT ALLOW TIME TO SECURE TRANSCRIPT OR TIME TO FILE BRIEF PRIOR TO OVERRULING APPELLANT'S OBJECTIONS TO REPORT OF MAGISTRATE. SUCH ACTIONS CONSTITUTES AN ABUSE OF DISCRETION.
Halberg argues the court abused its discretion when it overruled her objections without affording her an opportunity to secure a transcript or to file a brief. Haffey does not address this issue because he did not file a brief in this court. The issue here then concerns whether the court abused its discretion by overruling her objections without giving her an opportunity to obtain a transcript and file a brief in support of her objections to the magistrate's decision.
We begin by noting that an appeal from the juvenile court is reviewed under an abuse of discretion standard. The term "abuse of discretion" connotes more than an error of law or judgment. It implies that the court's attitude is unreasonable, arbitrary or unconscionable. Rock v. Cabral (1993), 67 Ohio St.3d 108, 112;Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295; Blakemore v.Blakemore (1983) 5 Ohio St.3d 217, 219.
When applying an abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Berk v. Matthews (1990), 53 Ohio St.3d 161;Kunkle v. Kunkle (1990), 51 Ohio St.3d 64, 67; Holcomb v.Holcomb (1989), 44 Ohio St.3d 128, 131.
In this case, the record reveals, Halberg objected to the magistrate's decision and filed a motion for a transcript and leave to file a brief. Thereafter, the court overruled her objections, but granted her motion to obtain a copy of the transcript and to file a brief on the same day. The action of the court in allowing her an opportunity to obtain a transcript and to file a brief in support of her objections is inconsistent with its decision to overrule those objections and constitutes an abuse of discretion. Accordingly, the judgment of the court is vacated, and the matter is remanded to the juvenile court to permit Halberg to review the transcript and to prepare a brief in support of her objections to the child support order.
II.
 THE COURT ERRED IN THE COMPUTATION OF THE AMOUNT OF CHILD SUPPORT BY FAILING TO FOLLOW THE REQUIREMENTS OF R.C. 3113.215 AS INTERPRETED BY JUDICIAL DECISIONS. SUCH ACTION CONSTITUTES AN ABUSE OF DISCRETION.
We express no opinion with respect to this assignment of error as the matter has been remanded to the court for its adjudication.
Judgment accordingly.
Judgment is vacated and this matter is remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of appellee her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, J., and TIMOTHY E. McMONAGLE, J. CONCUR.
 ________________________________ PRESIDING JUDGE TERRENCE O'DONNELL